IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action |
| ) | No. 11-03101-02-CR-S-RED |
| NILSA ALLEN, ) | |
| ) | |
| Defendant. | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. This matter comes before the Court on defendant's Motion to Suppress Evidence [Document # 33]. The government has responded [Document # 34], and defendant has replied to that response [Document #35].

Defendant asserts that evidence seized as a result of a federal search warrant executed on December 13, 2011, at a residence at 2215 North Howard, Springfield, Missouri, should be suppressed. She contends that the search and seizure violated the Fourth Amendment because the affidavit in support of the search warrant contained materially false statements and/or omissions, in violation of Franks v. Delaware, 438 U.S. 154 (1978), which resulted in a lack of probable cause to believe any evidence of the alleged crime would be found at 2215 North Howard, based on information from the anonymous tipster.

It is the government's position that the motion to suppress should be denied because the investigators in this case identified the driver of the vehicle that carried the bank robber to the bank as defendant, Nilsa Allen, and that the vehicle itself was located in the driveway of the address that

was searched.  The government contends that the alleged discrepancies noted by defendant regarding the information from the anonymous caller were irrelevant to the issue of probable cause. Specifically, the government asserts that the color of the house, and the exact number of houses it was from the corner were irrelevant.

Defendant contends that the search warrant was issued without the requisite probable cause. The law is clear that a warrant is supported by probable cause if, "given all the circumstances set forth in the affidavit . . ., including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability" that contraband or evidence of a crime will be found in the place to be searched.  United States v. Edmiston, 46 F.3d 786, 789 (8th Cir. 1995), quoting Illinois v. Gates, 462 U.S. 213, 238 (1983).  Affidavits should be read in a "common-sense and realistic fashion" and judges must make a practical decision based on the totality of the circumstances.  United States v. Gladney, 48 F.3d 309, 312 (8th Cir. 1995) (citation omitted).  In determining for suppression purposes the validity of a warrant, the court must determine whether there was a "substantial basis" for the probable cause determination.  Gates, 462 U.S. at 238. Probable cause may be based on hearsay from a reliable source, and anonymous information that can be independently corroborated may form a probable cause basis.  Id. at 244-45.  "When we review the sufficiency of an affidavit supporting a search warrant, great deference is accorded the issuing judicial officer."  U.S. v. Fulgham, 143 F.3d 399, 400-01 (8th Cir. 1998) (citation omitted).

An affidavit in support of a search warrant may be challenged under Franks if it contains deliberate or reckless misrepresentations or omissions.  See United States v. Gladney, 48 F.3d 309, 313 (8th Cir. 1995); United States v. Jacobs, 986 F.2d 1231, 1234 (8th Cir. 1993).  To prevail on a Franks challenge, a defendant must establish that: (1) "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2)

"with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause." United States v. Searcy, 181 F.3d 975, 980 (8th Cir. 1999), quoting Franks v. Delaware, 438 U.S. 154, 155-56 (1977).

To determine whether statements were made with a "reckless disregard for the truth," the Eighth Circuit has applied the standard used in First Amendment cases. United States v. Johnson, 78 F.3d 1256, 1262 (8th Cir. 1996). That standard has been described as, "whether the affiant 'in fact entertained serious doubts as to the truth of the affidavits or had obvious reasons to the doubt the accuracy of the information contained there.'" Johnson, quoting United States v. Clapp, 46 F.3d 795, 801 (8th Cir. 1995). The law is clear that minor errors or negligence, which do not reflect deliberate falsehoods, are insufficient to mandate suppression under Franks. Searcy, 181 F.3d at 980.

The affidavit in support of the search warrant in this case set forth details regarding a bank robbery that occurred in Springfield, Missouri, on November 26, 2011. Among many details delineated in the affidavit was the fact that the Springfield Police Department received a tip from an anonymous caller on November 27, 2011, regarding a bank robbery suspect. The tip was that an individual named "Kwanell Allen and his wife, who is a white female, live at 2215 North Howard, Springfield, Missouri." [Affidavit in Support of [Application for] Search Warrant, at ¶ 14]. The caller stated that Kwanell Allen may have been involved in a bank robbery; that the caller had recently seen a maroon minivan parked in the Allen's driveway; and that the caller believed Kwanell Allen fit the description of the bank robber.

Defendant asserts that in the discovery produced by the government, supplemental notes made by the officer who took the call, Officer Crum, described in detail where "Kwan" lived. The officer stated that the caller said that Kwan lived in a white house, on the west side of Howard, and that the house was four or five houses south of the intersection of Howard and Turner. The caller

also stated that she had seen a news report in which the suspect vehicle had been described, and that she had recently seen a maroon-colored minivan parked at Kwan's residence. The caller did not know the make, model or year of the vehicle.

According to defendant, the house at 2215 North Howard is nine or ten houses from the intersection in question, and that the house is described in the affidavit as being light tan in color, but it is actually a tan/light green color. Defendant asserts that there are white houses closer to the intersection that would fit the description given by the caller, but not the house located at 2215 North Howard. Additionally, she asserts that in Attachment A to the affidavit, the affiant did not describe the house as it had been described in the affidavit, but rather, stated that is was a two-story house, light tan in color with vinyl siding; and that it was the third house north of East High Street on the west side of North Howard. It is her position that the government never disclosed to the Court that the government was requesting a search of a house totally different than the one mentioned by the caller, and therefore, that there was no basis for the search at 2215 North Howard, and no probable cause that evidence of any alleged crime would have been found at that address.

Defendant asserts that the affiant's misrepresentation includes falsehoods, material misstatements and omissions, regarding the address of the house to be searched, which were made knowingly, recklessly, or both. She therefore requests a <u>Franks</u> hearing. She contends that with the reckless and knowingly false statements removed and the material relevant omissions corrected, there is no basis to believe that any evidence could to found at 2215 North Howard related to this alleged crime.

In her reply to the government's response, defendant continues to make assertions regarding the information provided by the anonymous caller based on discovery provided to her. She contends that the caller did not make all of the statements contained in the government's response; that the

caller did not initially give the name "Kwanell," but rather, "Kwan," and that the caller gave the last name "Allen" after the officer taking the call suggested the name to her. Defendant also contends that the caller never gave the name "Nilsa."

Having fully reviewed the search warrant and affidavit in question, the relevant case law, and the arguments of the parties, the Court finds that the affidavit contains sufficient information, with adequate indicia of reliability, to support a finding of probable cause to conduct the search at 2215 North Howard.

The affidavit in support of the search warrant, prepared by Special Agent Atwood, has one paragraph regarding the anonymous tip. According to the anonymous caller, a person named "Kwanell Allen" might have been involved in the bank robbery, as he fit the physical description of the bank robbery suspect. The caller said that Allen and his wife, Nilsa, a white female, resided at 2215 North Howard Avenue in Springfield. The caller also stated that she had recently seen a maroon minivan in the Allen's driveway. The call was received on November 27, 2011, in response to a press release and surveillance photos that were provided to local media in Springfield on November 26. Further investigation revealed that according to Missouri Department of Revenue records, Kwanell Allen fit the physical description of the bank robbery suspect.

In this case, based on the four corners of the affidavit and application for search warrant, and the totality of the circumstances, the Court finds that there was a substantial basis to support the issuing judge's probable cause determination to issue the search warrant. Specifically, in addition to the information from the anonymous caller, the investigating officers had video surveillance of the bank robbery, as well as surveillance photos before the robbery. The latter depicted the suspect's vehicle and the driver of that vehicle. The photos indicated that the vehicle was a late model maroon minivan, and that the driver was a white female. The photos also depicted the suspect exiting the

van and running towards the bank. The minivan was then seen leaving the area.

The affidavit also contains information regarding the bank robbery itself, which was obtained by Special Agent Atwood, who conducted the investigation in this case. Specific details regarding the actions of the bank robber and his appearance were obtained by victims of the crime, and surveillance photos. In addition to the surveillance photos and the information from the anonymous caller, Special Agent Atwood also conducted surveillance near 2215 North Howard, the address provided by the anonymous caller. He observed a maroon minivan, with other distinguishing features, in the driveway of that residence on November 27, 2011. On November 28, he conducted further surveillance in the area. He saw a white Chevrolet Suburban parked in the driveway of 2215 North Howard, which had just been stopped by an unmarked police car. Agent Atwood saw a white female and a black female standing by the vehicle. He stopped to assist the other officer, and in doing so, learned that the white female was Nilsa Allen. She identified herself as Kwanell's wife. She also indicated that the maroon minivan had been recently purchased and did not yet have license plates. Additional viewing of the surveillance tape from the date of the robbery depicted a white female coming into the bank early; she fit the description of the female later seen in the maroon minivan. On November 28, Agent Atwood reviewed the tapes and identified the woman on them as Nilsa Allen.

In addition to the affidavit itself, Attachment A describes with particularity the residence to be searched. The detail about color of the structure, whether light tan or greenish-tan as suggested by defendant, is wholly irrelevant, given the other details provided. These include that fact that the address is the one provided by the anonymous caller and the address where Agent Atwood conducted surveillance on two occasions immediately after the bank robbery; and the fact that it is described as being on the west side of North Howard, which is corroborated by the notes to which

defendant alluded. It is clear that the residence to be searched was the residence at 2215 North Howard.

Based on the information set forth in the affidavit, it is clear that there was probable cause to support the issuance of the search warrant. The totality of the circumstances demonstrate that there were sufficient facts to support an objectively reasonable belief that probable cause existed to search the residence at 2215 North Howard. Regardless of defendant's assertions, she has failed to raise any grounds that a Franks violation occurred, or that a hearing is necessary in this case. Even assuming that there are any relevant issues in dispute, the law is clear that minor errors or negligence, which do not reflect deliberate falsehoods, are insufficient to mandate suppression under Franks. Searcy, 181 F.3d at 980.

The Court concludes that no Fourth Amendment right was implicated in this case. Additionally, the Court finds that a Franks hearing is not necessary because defendant has failed to demonstrate that the affiant made deliberately false and misleading statements with a reckless disregard for the truth. It will therefore be recommended that the motion to suppress based on an alleged unlawful search be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's motion to suppress evidence seized as a result of the search conducted on December 13, 2011, be denied.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: 4/24/12